PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY MAJOR CLAY, | ) | CASE NO. 5:14cv1228 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DAVID CROCKETT, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 11; 14; 15; |
| Defendants. | ) | 21; 26; 28; 29; 30; 33; and 34] |

*Pro se* Plaintiff Larry Major Clay filed this action under 42 U.S.C. §§ 1983, 1985(3), and 1986 against two members of the Akron Police Department (Officer David Crockett and Lieutenant Christopher Brewer); Assistant Summit County Prosecutor Peter Daly; Summit County Common Pleas Judge Alison McCarty; Charles Olminsky, an attorney appointed to defend the plaintiff's son in a state criminal homicide case; the City of Akron; and the State of Ohio.  Plaintiff alleges violations of his constitutional rights and seeks declaratory relief and damages.  Defendants have filed the following motions to dismiss Plaintiff's complaint or for judgment on the pleadings: ECF No. 14 (Motion to Dismiss of Defendant State of Ohio); ECF No. 15 (Motion to Dismiss of Defendant the Honorable Alison McCarty); ECF No. 21  (Motion to Dismiss of Defendant Peter Daly); ECF No. 28 (Motion to Dismiss Complaint as Against Defendant Charles Olminsky; ECF No. 30 (Motion for Judgment on the Pleadings of Defendants Crockett, Brewer, and the City of Akron).

(5:14cv1228)

Plaintiff has filed a motion to freeze the defendants' assets until this action has been adjudicated on the merits (ECF No. 11); a motion to "strike" all of the defendants' motions to dismiss (ECF No. 26); a motion for leave to amend his complaint to name seven more defendants (ECF No. 29); and a motion to "strike" a brief opposing his motion for leave to amend (ECF No. 34).

Kristopher J. Armstrong has filed a motion to withdraw as the co-counsel for the State of Ohio and to substitute Tiffany L. Carwile as counsel.  ECF No. 33.

For the reasons stated below, Defendants' motions to dismiss or for judgment on the pleadings are granted because the plaintiff has failed to allege any viable claim for relief against the defendants under 42 U.S.C. §§ 1983, 1985(3), and 1986.  In addition, Plaintiff's motions to freeze defendants' assets, to strike defendants' briefs, and to file an amended complaint are all denied; Kristopher Armstrong's motion to withdraw as co-counsel and to substitute counsel is denied as moot; and this case is dismissed.

**I. Plaintiff's Allegations**

Plaintiff's claims arise from a criminal homicide case brought against Plaintiff's son in Summit County, Ohio in 2012.  Plaintiff alleges he was "falsely implicated" as a character witness for the state in the case.  In particular, he alleges Defendant Crockett stated in an investigation report prepared in the case that Plaintiff's son told him he smelled of bleach because his father (Plaintiff) had asked him to clean the bathroom.  Officer Crockett also stated in this investigation report that he had interviewed Plaintiff and Plaintiff contradicted his son's

2

(5:14cv1228)

statement and "indicated that he had not asked [his son] to clean the bathroom." ECF No. 1 ¶ 35. Plaintiff alleges he "was never involved in a conversation with Defendant Crockett and [that Crockett's] manufactured Homicide Investigation Report has resulted in prejudice and the assassination of Plaintiff's character." *Id.*, ¶ 16.  He alleges the investigation report attributes a false statement to him and depicts him in the community as the person who contradicted what his son told police.

Plaintiff alleges all Defendants violated his federal constitutional rights.  He alleges Officer Crockett violated his rights under the Eighth and Fourteenth Amendments by manufacturing the homicide investigation report that displayed the plaintiff as a person who contradicted his son's statement. *Id.*, ¶¶ 25–26.  Judge McCarty allegedly violated his rights under the First and Fourteenth Amendments by "declin[ing] to [make] a determination on the merits" of a "Father's Complaint" he filed in his son's state criminal case in which he asked Judge McCarty (the presiding judge in the case) to make a ruling "as to whether or not, Defendant Crockett" was guilty of obstructing justice. *Id.*, ¶¶ 17, 30.  Defendant Brewer allegedly violated his rights under the Fourteenth Amendment because Brewer was responsible for investigating a "Citizen's Complaint" the plaintiff filed with Internal Affairs complaining of Officer Crockett's conduct, but Brewer found his Citizen's Complaint "unfounded." *Id.*, ¶¶ 18, 31.

Defendant Olminsky, who was appointed as his son's defense lawyer in the state criminal case, allegedly violated his rights under the Fourteenth Amendment by "displaying the plaintiff

3

(5:14cv1228)

as the person on Record that contradicted [his son's] response to Defendant Crockett's question" in a motion to suppress filed in the case. *Id.*, ¶ 15. Olminsky also allegedly violated his rights by failing to present a statement signed by Plaintiff before allowing him "to be mentioned in the record." *Id.*, ¶ 28. Defendant Daly, a prosecutor in the criminal case, allegedly violated his rights under the Fourteenth Amendment by allowing Officer Crockett to present the plaintiff's unsigned statement "into the Official Court Record." *Id.*, ¶¶ 6, 29.

In addition to these allegations, Plaintiff alleges that the defendants generally conspired to deprive him of "equal protection of the law" and obstructed justice "when they intended to conceal, belittle, and/or disregard the fact that [his son's criminal case] was tainted just by the mentioning of Plaintiff's involvement." *Id.*, ¶ 32. He alleges the City of Akron can be held liable for the defendants' "combined" attempt to prevent Defendant Crockett from being liable for assassinating his character and that the State of Ohio can be held liable for the defendants' "combined" attempt to prevent Defendant Crockett from being prosecuted in a court of law. *Id.*, ¶¶ 33–34.

Plaintiff appears to contend that he also asserts supplemental state law claims (*see id.*, ¶ 1), although he does not clearly allege state-law claims in his complaint.

## II.  Standard of Review

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a *"pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

(5:14cv1228)

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  The basic pleading essentials are not abrogated in *pro se* cases.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  To survive a dismissal, the plaintiff's factual allegations must be enough to raise the right to relief above the speculative level "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  The standard of review for a motion for judgment on the pleadings is the same as the standard for evaluating a motion to dismiss.  *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2011).

### III.  Analysis

Even liberally read, Plaintiff's complaint fails to state any plausible federal claim for relief under against any defendant under 42 U.S.C. §§ 1983, 1985(3), or 1986.

**A.  Section 1983**

Plaintiff has no viable § 1983 claim against any defendant.  In order to state a claim under §1983, a plaintiff must show: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

5

(5:14cv1228)

Several of the defendants are immune from suit or cannot be sued under § 1983 as a matter of law.  The Supreme Court has clearly held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Therefore, prosecuting attorney Daly is immune from Plaintiff's suit for damages.  In addition, it is well-settled that judges are absolutely immune from civil suits for money damages, including suits brought under § 1983, unless their actions are taken in a nonjudicial capacity or in the complete absence of all jurisdiction. *Barnes v. Winchell*, 105 F.3d 1111, 1115–16 (6th Cir. 1997).  The plaintiff does not allege facts supporting a plausible exception to absolute judicial immunity, and Judge McCarty is absolutely immune from the plaintiff's suit for damages.  Furthermore, "[i]t is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983." *Jordan v. Kentucky*, 2009 WL 2163113, at *4 (6th Cir. July 16, 2009) (citing *Polk County v. Dodson*, 454 U.S. 312 (1981).  Therefore, Plaintiff cannot assert any claim under § 1983 against Defendant Olminsky.

Plaintiff also cannot sue the State of Ohio or the City of Akron under § 1983.  "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens'" unless the state has waived its sovereign immunity. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).  Accordingly, the State of Ohio is absolutely immune from all of the plaintiff's claims.

(5:14cv1228)

*See* Moss v. Columbus Board of Education, 98 F. App'x 393, 395 (6th Cir. 2004) ("Ohio . . . enjoys immunity from suits brought in federal court under 42 U.S.C. §§1981, 1983, 1985 and 1986."). A municipality may be liable under § 1983 only for constitutional deprivations attributable to the municipality itself; a municipality cannot be held liable solely for the acts of its employees or agents under a theory of *respondeat superior*. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978). Plaintiff does not allege facts plausibly suggesting the City of Akron itself was responsible for the constitutional violations he alleges. Rather, he seeks to hold the City liable solely under a theory of *respondeat superior*. Plaintiff merely alleges that, "as a result of the intentional, deliberate, and malice aforethoughts of the defendants . . . , the City of Akron can be held liable." *See* ECF No. 1 ¶ 33. These allegations are insufficient to state a plausible claim for relief against the City under § 1983.

In addition to these deficiencies, Plaintiff's complaint fails to state a claim upon which relief may be granted against any defendant under § 1983 because Plaintiff has not alleged any cognizable constitutional claim. Plaintiff alleges violations of his rights against the various defendants under the First, Eighth, and Fourteenth Amendments of the Constitution, but his allegations, even when liberally construed, are insufficient to support any such claim.

Plaintiff has no viable claim for relief under the Eighth Amendment, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment protects those convicted of crimes. *See* Ingraham v. Wright, 430

7

(5:14cv1228)

U.S. 651, 664 (1977). Simply put, Plaintiff has no constitutional claim under the Eighth Amendment because he does not allege that he himself has been convicted of a crime.

In addition, Plaintiff has no viable constitutional claim under the First Amendment. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech . . . or the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. The purpose of the first Amendment's Petition Clause is to guarantee that people "may communicate their will" through direct petitions to government officials and the legislature. *McDonald v. Smith*, 472 U.S. 479, 482 (1985). The government may not infringe upon this right either by a general prohibition against certain forms of advocacy or by imposing sanctions for the expression of particular views. The Petition Clause guarantees that an individual may "speak freely and petition openly" and that he will be free from retaliation by the government for doing so, but it does not impose an affirmative obligation on the government to consider, respond to, or grant any relief at all on, the citizen's petition. *See Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 464-65 (1979) (per curiam); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

Plaintiff pins his First Amendment claim on his allegations that government officials did not agree with and respond to his grievances about Officer Crockett in the manner he desired, but he does not allege he was denied the right to assert his grievances. Accordingly, his First

8

(5:14cv1228)

Amendment claim is insufficient as a matter of law.  See *Apple*, 183 F.3d at 479 (holding that a First Amendment claim alleging that government officials violated the plaintiff's rights because they did not answer his many letters or take the action he requested was "not arguably plausible").

Finally, Plaintiff has not alleged any cognizable constitutional claim under the Fourteenth Amendment.  The Due Process Clause of the Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  To trigger an application of constitutional due process, there must be governmental action and a deprivation of a cognizable "life, liberty, or property" interest.  *Banks v. Block*, 700 F.2d 292, 295 (6th Cir. 1983).  However, "[r]eputation alone, apart from some more tangible interests such as employment," is not a constitutionally-protected interest.  *Paul v. Davis*, 424 U.S. 693, 701 (1976).  "Absent a further injury, such as loss of a government job or loss of a legal right or status, defamation, by itself, does not constitute a remediable constitutional claim."  *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005).  Plaintiff does not allege a tangible injury beyond damage to his reputation.  This is insufficient to trigger constitutional due process protection.

Nor has Plaintiff alleged any plausible equal protection claim.  To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against him because of membership in a protected class or burdened a fundamental right.  *Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 770 (6th Cir. 2005);

(5:14cv1228)

*Purisch v. Tennessee Technical Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996). The plaintiff at bar has not alleged he is member of a protected class or that he was treated differently than persons outside of a protected class, and his allegations are insufficient to show defendants burdened a "fundamental right."

For all of the foregoing reasons, Plaintiff has not alleged a plausible, federal constitutional claim. Accordingly, the Court dismisses Plaintiff's § 1983 claims.

**B. Section 1985(3) and 1986**

Plaintiff's allegations are also insufficient to support plausible claims for relief under 42 U.S.C. §§ 1985(3) and 1986. To succeed on a claim brought under 42 U.S.C. § 1985(3), "a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Moniz v. Cox*, 512 F. App'x 495, 499 (6th Cir. 2013). The plaintiff must allege the "conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Id.*

In this case, Plaintiff has not alleged facts plausibly suggesting Defendants' alleged conduct was motivated by racially or other class-based invidiously discriminatory animus. Furthermore, "claims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a . . . claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff's allegations of a "conspiracy" are purely

10

(5:14cv1228)

conclusory and unsupported by specific material facts.  He fails to state claim of a conspiracy. *See Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008) (holding allegations of a §1985 claim insufficient when the plaintiff "offered nothing more than the conclusory allegation that the defendants acted in concert and, without more, failed to allege a sufficient factual basis to establish any sort of 'meeting of the minds' or to link any of the alleged conspirators in a conspiracy to deprive him of his civil rights").

Section 1986 creates a cause of action against those who have knowledge that a § 1985 wrong is about to be committed and the power to prevent it, but fail to do so. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 315 (6th Cir. 2005).  "[F]ailure to state a claim for relief under § 1985 is fatal" to claims brought pursuant to § 1986 "because a § 1986 claim is dependent upon a viable § 1985 claim." *Amadasu*, 514 F.3d at 507.  Plaintiff has no cognizable claim under § 1986 because he does not have a viable § 1985 claim.

### IV.  Conclusion

For all of the reasons stated above, Plaintiff has failed to allege a viable federal claim against any Defendant under 42 U.S.C. §§ 1983, 1985(3), and 1986.  Accordingly, the Defendants' motions to dismiss and for judgment on the pleadings on Plaintiff's federal claims are all granted.  Given that Plaintiff's federal claims are all subject to dismissal under Fed. R. Civ. P. 12(b)(6), the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff purports to assert.  *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a 12(b)(6) dismissal, there is a "strong presumption in

(5:14cv1228)

favor of dismissing supplemental claims.").

Plaintiff's motions to freeze defendants' assets, to "strike" defendants briefs, and for leave to file an amended complaint to add additional defendants are all denied. A court may deny a motion for leave to amend where the amendment would be futile. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). Although Plaintiff's proposed amended complaint purports to name multiple new defendants, it does not contain factual allegations plausibly suggesting that Plaintiff has any viable federal claim against any of the new (or, indeed, any of the previously-named) defendants under 42 U.S.C. §§ 1983, 1985(3), or 1986. Rather, Plaintiff's proposed amended complaint fails to state a viable federal claim for relief for the same reasons that his original complaint is insufficient.

IT IS SO ORDERED.

 November 21, 2014           */s/ Benita Y. Pearson*
Date                          Benita Y. Pearson
                              United States District Judge